CARVALHO v. BROOKLYN & J. B. TURNPIKE CO.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

INJUNCTION—BUILDING OF TURNPIKE—DELAY IN TIDE—DAMAGE.

Where defendant has received full approval from the federal authorities to erect a turnpike road, with certain bridges and spans, across a bay in which the tide ebbs and flows, the fact that such structure will delay the movement of the high tide for some minutes is not ground on which to enjoin the construction of such road, in the absence of a showing that such delay will damage the property lying on or underneath such bay.

Appeal from special term, Queens county.

Action by David N. Carvalho against the Brooklyn & Jamaica Bay Turnpike Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The following is the opinion of the court below (JENKS, J.):

The plaintiff's realty is situated three or four miles distant from the locus in quo. I am satisfied that the only effect of the structure upon the waters washing the plaintiff's property will be to retard the high time therefrom some fifteen minutes, with a relative detention. The plaintiff testifies that if the defendant company were to build drawbridges over the channels, to correspond with those of the present trestle of the Long Island Railroad Company, there would be no impairment of the amount of water flowing. And such seems to be the plan of the defendant. If the fabric be unlawful, as plaintiff contends, then it is a public nuisance. Wood, Nuis. p. 661, § 483. And if it unlawfully obstruct navigation, proceedings will lie on behalf of the people. Roe v. Strong, 107 N. Y. 350–360, 14 N. E. 294; Ice Co. v. Shultz, 116 N. Y. 382–389, 22 N. E. 564; People v. Vanderbilt, 26 N. Y. 293; People v. Jessup, 160 N. Y. 249–254, 54 N. E. 682. But the plaintiff has no standing unless he show special damage. Roe v. Strong, supra; Bridge Co. v. Smith, 30 N. Y. 44; Adler v. Railroad Co., 138 N. Y. 173–180, 33 N. E. 935. While it may well be that an unreasonable detention of water by dam or pier would be an interference with the usufructuary right of the plaintiff (Wood, Nuis. § 366 et seq.), it neither appears that a detention of fifteen minutes is unreasonable, nor is it pointed out how such a retard and corresponding stay of high tide can inflict any damage upon the property of the plaintiff. I am of opinion, then, that there is no element of special damage shown in this case. Doolittle v. Supervisors, 18 N. Y. 155, 161, citing authorities; Wood, Nuis. § 840; Lansing v. Smith, 8 Cow. 156, cited in 138 N. Y. 180, 33 N. E. 935, in 116 N. Y. 389, 22 N. E. 564, in 122 N. Y. 14, 25 N. E. 496, 11 L. R. A. 634, 19 Am. St. Rep. 461, and in 130 N. Y. 625, 29 N. E. 1021; Bigelow v. Bridge Co., 14 Conn. 565, 36 Am. Dec. 502; Sedg. Dam. 35, citing in note Quincy Canal v. Newcomb, 7 Metc. 276, 39 Am. Dec. 778; People v. Jessup, supra.

It appears that the structure is to be placed upon land held by the defendant by virtue of long leases from the towns. While it is true that the transportation law (chapter 566, Laws 1890) provides that no corporation shall bridge any stream in any manner that will prevent or endanger the passage of any raft of twenty-five feet in width, or where the same is navigable by vessels or steamboats, yet the statute, as amended by chapter 722 of the Laws of 1895, and chapter 778 of the Laws of 1896, respectively, provides at section 128 that "nothing in this act shall be construed to authorize the bridging of any river or water course where the tide ebbs and flows, or water over which the federal authorities have any control, unless the consent of the federal authorities be first obtained." There is a distinction manifest between streams and Jamaica Bay, where there is an undisputed tidal flow. The defendant reads in evidence the consent of the federal authorities. Subject to the powers of congress to regulate navigation, a state may authorize the building of bridges over navigable water, though there may result some impediment to navigation. People v. Jessup, supra; Gilman v. Philadelphia, 3 Wall. 713, 18 L. Ed. 96, citing Wilson v. Blackbird Creek Marsh Co., 2 Pet. 250, 7 L. Ed. 412. And such power may be delegated to a corporation. People v. Railroad Co., 15 Wend. 113, 30 Am. Dec. 33. As to the towns, see People v. Jessup, supra. So far as the period of construction is concerned, a mere temporary inconvenience affords no claim for damages. Hamilton v. Railroad Co., 119 U. S. 280–285, 7 Sup. Ct. 206, 30 L. Ed. 393.

Judgment dismissing the complaint, with costs.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

William J. Kelly, for appellant.
James C. Church, for respondent.

GOODRICH, P. J. The plaintiff brought this action to enjoin the construction of a turnpike road which the defendant purposed to build across Jamaica Bay from the dividing line of Kings and

Queens counties to Rockaway Beach. He is the owner of property situate on the shore of the bay, and of adjacent land under water about four miles distant from the route of the turnpike. He contends that the turnpike would be an unlawful interference with public waters of the state, and with the navigation of the bay, and would cause injury to his property. The court dismissed the complaint, and the plaintiff appeals.

We are clearly of the opinion that the plaintiff has no standing to maintain an action of this character, for the reasons stated in the opinion of Mr. Justice JENKS, hereto appended, before whom the case was tried. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.